**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHARLES A. TROBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-05-0463-F |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The court is in receipt of a document entitled "Proof of Service of FTCA Complaint," filed by plaintiff on September 28, 2005.  (Doc. no. 10).  Plaintiff appears pro se, and his pleadings are liberally construed.

Unlike the certified mail receipts which the district court in <u>Chester v. Green</u>, 120 F.3d 1091 (10th Cir. 1997) did not recognize because they did not carry any post office authenticating stamp, the certified mail receipts attached to plaintiff's September 28 document carry the September 7, 2005, postmark of the Cedar Rapids, Iowa post office.  However, similar to <u>Chester v. Green</u>, there is no return receipt in the file which shows actual receipt, delivery, or acknowledgment of delivery of the mailed documents.  As a general principle, under Rule 4, Fed. R. Civ. P., a signed return of service constitutes prima facie evidence of valid service.  <u>Homer v. Jones-Bey</u>, 415 F.3d 748, 752 (7th Cir. 2005) (citations omitted, discussion of prima facie evidence of service for purposes of default judgment).  Moreover, rules which allow service by certified mail, such as Rule 4(i), may carry an implicit requirement that not only are the certified mail receipt documents showing posting of mailed documents required,  but  returned receipt cards (green cards) showing delivery of the documents mailed are also required to be filed in the court file to establish service; otherwise,

sending documents by certified mail would seem to create no stronger presumption of actual receipt than sending documents by regular mail.

Regardless, in this case there is an additional reason to require the returned receipts (green cards) to be filed to help establish service of the summons and complaint. As stated in Rule 4(i)(1)(A), service upon the United States by registered or certified mail includes the requirement that a copy of the summons and complaint be sent by registered or certified mail addressed to the civil process clerk at the office of the United States attorney. Here, one of the certified mail receipts attached to the September 28 document is addressed simply to the "US Attorney, 210 West Park Ave., Ste. 400, Oklahoma City, OK 73120," but no certified mail receipt indicates mailing to the civil process clerk.

In these circumstances, the court finds that the September 28 document and attachments are insufficient, standing alone, to establish to the satisfaction of the court proof of service of the summons and complaint upon the United States, the defendant in this action. Accordingly, in order to help establish timely proof of service as required by Rules 4(i), 4(l) and 4(m), plaintiff should be required to file copies of the returned receipts (green cards) for the papers apparently mailed by certified mail on September 7, 2005. Plaintiff is hereby **DIRECTED** to file the returned receipts on or before October 15, 2005, or to show good cause why the cards cannot be filed by that date. If plaintiff does not timely file the returned receipts, or if the returned receipts are filed but do not indicate acceptance of delivery by the addressee, this case may be dismissed without prejudice under Rule 4(m) for failure to prove timely service.

Plaintiff has previously been notified that Rule 4(m) provides that if service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint, the court shall dismiss the action without prejudice or direct

that service be effected within a specified time, provided that, if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate time.  The time within which to file proof of service has previously been extended once, and this Order extends it again, until October 15, 2005.  This Order is the second notice of possible dismissal for failure to make timely proof of service.

Dated this 30th day of September, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0463p003(pub).wpd