#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. TROBAUGH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-05-0463-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

### ORDER

Plaintiff's "Motion for Appointment of Counsel," filed May 15, 2006, is before the court. (Doc. no. 38.) This is the second time plaintiff has asked the court to appoint counsel for him. See Order of November 30, 2005, denying motion. (Doc. no. 19.) The time for responding to the motion has not yet expired so that no response to the motion has been received; however, the court finds that no response is necessary in these circumstances. Accordingly, the motion is ready for determination.

Plaintiff appears *pro se* and his pleadings are liberally construed. Nevertheless, the court notes that plaintiff's motion does not comply with the Federal Rules of Civil Procedure or with the local rules of this court because it does not include a certificate of service. Also, although the motion indicates that plaintiff is incarcerated, no notice of a change of address has been filed with the clerk as required by the local rules.[1]

---

[1] The motion states that plaintiff does not have access to the court's local rules. However, a copy of the court's rules was mailed to plaintiff with the court's Scheduling Order of February 7, 2006. The clerk is ordered to mail a second copy to the plaintiff with this Order, and to also mail a change of address form.

Plaintiff is cautioned that papers sent by the court are deemed delivered if sent to the last known address given to the court. LCvR5.5.[2]

Despite these irregularities, rather than strike the motion, the court has considered the motion on its merits.[3] After consideration of the factors listed in Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) as they apply to this case, the court finds and concludes that plaintiff's request for appointment of counsel should be denied for the same reasons as were stated in the court's November 30, 2005 order denying appointment of counsel. Those reasons include the simplicity of the factual issues presented by this action (¶ III of the Complaint describes this action as one for negligence based on food poisoning), and plaintiff's demonstrated ability to present his arguments and contentions clearly. Accordingly, plaintiff's motion for appointment of counsel is **DENIED** without prejudice to re-urging at a date much closer to trial, should circumstances indicate that a renewed motion would be appropriate.

Dated this 16th day of May, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0463p010(pub).wpd

---

[2] Because there is a return address available on the envelope in which the instant motion was received, the court orders that the items described in n.1 be mailed both to plaintiff's record address and to the address shown on this envelope. In the future, plaintiff should assume that notice and mailings will be given to plaintiff only at his record address.

[3] Plaintiff is advised that failure to comply with the rules is sufficient ground for striking any pleading. Future filings which do not comply with the rules may be stricken solely for that reason.