## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. TROBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-0463-F |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

"Plaintiff's Motion for  Partial Summary Judgment," filed June 19, 2006, is before the court.  (Doc. no. 41.)  Defendant has responded, and the motion is at issue.

In this action, plaintiff Charles A. Trobaugh alleges negligence against the United States as a result of alleged food poisoning on April 3-4, 2004, which plaintiff states he suffered while held as a federal inmate at the Federal Transfer Center in Oklahoma City, Oklahoma.  Plaintiff asks the court to enter summary judgment in his favor on the issue of liability.  Plaintiff appears *pro se*, and his pleadings are liberally construed.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be

taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Under the Federal Tort Claims Act, a plaintiff can prevail only under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the incident occurred.  28 U.S.C. §1346(b).  In Oklahoma, a plaintiff alleging food poisoning must show that the defendant breached a duty to provide wholesome foods and that the plaintiff suffered the complained of injuries as a proximate result of that failure.  Safeway Stores, Inc. v. Fuller, 118 P.2d 649, 651 (Okla. 1941).  The injured party must establish the traditional elements of the existence of a duty to the injured party, a breach of that duty, and damages proximately flowing from the breach.  Day v. Waffle House, Inc., 743 P.2d 1111, 1113 (Okla. Ct. App. 1987).

Defendant has admitted that on April 4, 2004, approximately 350 inmates complained of diarrhea and stomach pain.  But there is disputed evidence regarding at least two elements of plaintiff's negligence claim.  Those elements are 1) whether there was any substandard conduct (breach of duty), and 2) whether plaintiff's injuries were the result of any such conduct (causation).  Defendant's evidence suggests that the outbreak may have been attributable to causes other than food poisoning.  (See, for example, affidavits presented by the defendant regarding cooking and storing temperatures, and food preparation procedures.)

Construing all disputed facts and inferences against the movant as it must at this stage, after careful consideration the court finds and concludes that plaintiff has failed to carry his burden to show that there are no genuine issues of material facts. Accordingly, plaintiff's motion for partial summary judgment is **DENIED**.

Dated this 4th day of August, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0463p014(pub).wpd