**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES A. TROBAUGH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-05-0463-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

On September 7, 2006, plaintiff Charles A. Trobaugh filed three motions which are now before the court. (Doc. nos. 63, 64 and 65.) Defendant's time for responding to the motions has not elapsed, and defendant has not responded to the motions. The court has determined, however, that it is not necessary to receive a response from the defendant before ruling on the motions. Accordingly, the motions are ready for determination. Plaintiff appears pro se, and his pleadings are liberally construed.

Initially, the court notes that none of the motions contain plaintiff's address, which is a requirement under LCvR5.5(a). The motions are not stricken for this failure. However, future papers which are filed without plaintiff's address may be stricken. This requirement is especially important when plaintiff is incarcerated, as he states will be until November 21, 2006. (See doc. no. 64, ¶ 2.) As always, plaintiff is reminded that it is his obligation to keep his record address current and that failure to do so may result in plaintiff not receiving documents or orders which could result in dismissal or other sanctions.

I.  Plaintiff's Motion for Reconsideration
Brought Under Rule 59(e), Fed.R.Civ.P.

Plaintiff first moves the court to reconsider its ruling of August 22, 2006 (doc. no. 60), in which the court denied certain aspects of plaintiff's motion to compel discovery.  (Motion to reconsider at doc. no. 63.)  Plaintiff seeks reconsideration under Rule 59, Fed.R.Civ.P.  That rule pertains to motions for new trials and motions to amend or alter judgments, and it has no application here.  Although the court could deny the motion on that ground, it does not.  Instead, the court has considered the substance of the motion and has determined that the motion for reconsideration should be denied on its merits.  The motion asks the court to reconsider its ruling denying a request for production of documents from individuals who plaintiff describes as "employees, officers, or agents of the United States."  The fact that these individuals are arguably employees, officers, or agents of the United States for certain purposes, or formerly so, does not change the fact that they are not parties subject to a request for production of documents under Rule 34, Fed.R.Civ.P.  Accordingly, the motion to reconsider is **DENIED**.

II.  Motion for Appointment of Counsel

The second motion is plaintiff's motion for appointment of counsel.  (Doc. no. 64.)  Having reviewed the motion, the court finds and concludes that no grounds have been stated which would require the court to appoint counsel for plaintiff at this time.  Plaintiff's filings in this court are consistently well stated and, despite his incarceration, usually timely.  Accordingly, the court finds and concludes that it is not necessary to appoint counsel for plaintiff in this action.  Plaintiff's motion is **DENIED** without prejudice to reconsideration at a later date, should circumstances change.

### III.  Motion for Sanctions
### Brought Under Rule 37(b)(2)(a), Fed.R.Civ.P.

The third motion is plaintiff's motion for sanctions brought under Rule 37(b)(2)(A), Fed.R.Civ.P. (Doc. no. 65.) The motion asks the court to deem certain facts and liability as "established" and to enter an order which would be the equivalent of a summary judgment in plaintiff's favor on the merits. In support of the motion, plaintiff states that he did not receive a timely copy of the defendant's response to plaintiff's motion to compel, and that he has not received defendant's witness or exhibit lists, as required by the court's scheduling order. Those lists were filed by the United States, however, at doc. nos. 56 and 59, and those documents carry certificates of service indicating that they were mailed by the United States to plaintiff at plaintiff's record address. There is no reason to conclude that defendant has not complied with the rules or the court's schedule, and plaintiff's motion for sanctions is therefore **DENIED**.

Dated this 8th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0463p017(pub).wpd