## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES A. TROBAUGH,                      )
                                          )
      Plaintiff,                       )
                                          )
vs.                                       )        Case No.  CIV-05-0463-F
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
      Defendant.                       )

## ORDER

Defendants' motion for summary judgment, filed August 29, 2006, is before the court.  (Doc. no. 62.)  Although the time for responding to the motion has expired, plaintiff has not responded to the motion and has not sought additional time within which to respond to the motion.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.

United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

<u>Discussion</u>

This case involves a claim of negligence against the United States, based on allegations that plaintiff suffered a severe bout of food poisoning on April 3-4, 2004, while being held at the Federal Transfer Center in Oklahoma City, Oklahoma. (Complaint, ¶ III, p. 2.)  Under the Federal Tort Claims Act, a plaintiff can prevail only under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the incident occurred.  28 U.S.C. §1346(b).  In Oklahoma, a plaintiff alleging food poisoning must show that the defendant breached a duty to provide wholesome foods and that the plaintiff suffered the complained of injuries as a proximate result of that failure.  Safeway Stores, Inc. v. Fuller, 118 P.2d 649, 651 (Okla. 1941).  The injured party must establish the traditional elements of the existence of a duty to the injured party, a breach of that duty, and damages proximately flowing from the breach.  Day v. Waffle House, Inc., 743 P.2d 1111, 1113 (Okla. Ct. App. 1987), citing Safeway Stores.

In Safeway Stores, the plaintiff and her husband and son became ill (plaintiff seriously so, with allegedly permanent injuries), after eating sausage bought at the defendant's store earlier that day.  Safeway Stores, 118 P.2d at 650.  There was evidence that the sausage smelled of medicine when it was cooking, and that green flies were in the meat case at the defendant's store.  Id. at 651.  There was also testimony from an individual who had worked in defendant's store, that at the time the meat was purchased, all meats were duly inspected and approved by proper authorities and were kept under refrigeration.  Id.  On these facts, the Oklahoma Supreme Court

-2-

reversed the verdict for the plaintiff, *id*. at 652, reasoning that "plaintiff ate two different kinds of food the day she became sick, neither of which was shown to be unwholesome, except by the circumstance that plaintiff fell ill." *Id*. at 651. The Court stated that to single out one of the foods as the cause of plaintiff's injuries to the exclusion of the other would be "mere speculation." *Id*.

In reaching this conclusion, the Oklahoma Supreme Court set forth certain principles regarding the sufficiency of the evidence to present a prima facie case of negligent food poisoning.

> Where one conclusion would be as sound as another, the evidence may then be said to leave the matter wholly within the realm of mere conjecture, and any conclusion would be the result of a common speculation. A prima facie case is not established in such circumstances, and a demurrer to the evidence or motion for directed verdict would be in order.[1]

*Id*. at 651. Quoting <u>Lawson v. Anderson & Kerr Drilling Co.</u>, 84 P.2d 1104, <u>Safeway Stores</u> explained its conclusion in this regard, as follows.

> An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the non-existence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence.

*Id*.

---

[1]<u>Safeway Stores</u> went to trial, but the Oklahoma Supreme Court indicated that on the evidence presented in that case, the trial court should have sustained a demurrer to the evidence, or should have directed a verdict. This means that if defendant had moved for summary judgment, the court should have granted the motion. *See*, <u>Anderson v. Liberty Lobby</u>, *supra* at 251 (summary judgment should be granted where the evidence would require a directed verdict for the moving party).

-3-

In the instant case, defendant admits that on April 4, 2004 (the day after the suspect meal), approximately 350 inmates complained of diarrhea and stomach pain. (See defendant's response to plaintiff's statement of facts presented in *plaintiff's motion for summary judgment, at ¶ 3.*[2])  As presented in defendants' statement of material facts, however, the undisputed evidence suggests that the outbreak was attributable to causes other than sub-standard food preparation at the Federal Transfer Center.   For example, defendant presents affidavits indicating that proper food preparation techniques and temperatures were used in the preparation of the suspect meal.   Defendant's statement of fact no. 18 establishes that when the assistant food service administrator learned of the inmates' complaints on April 5, 2004, "[h]e examined ingredients from the stock that was used to prepare the suspect meal, and they appeared to be fresh and wholesome."   Defendants' statement of facts further establishes that the freezer kept a "proper temperature" (fact nos. 21, 22), that hot food items "maintained proper temperature until they were served" (fact no. 17), that the chicken and vegetables cooked Saturday night were cooked "to a temperature of at least 180 degrees" (fact no. 16), and that poultry should be cooked to 165 degrees to 180 degrees (fact nos. 24-25).   The assistant food service administrator questioned food service staff members and work cadre inmates who were involved in the preparation of the suspect Saturday evening meal, and both staff and inmates indicated that proper food handling techniques had been used to prepare the meal. (Fact no. 20 and affidavit at Exhibit 2, ¶ 5.)[3]

---

[2]Although plaintiff has not responded to defendant's summary judgment motion, the court must consider the entire record including materials in the briefing of plaintiff's own summary judgment motion (which the court has previously denied).

[3]All of these facts are supported by citations to record evidence, and all of these facts are uncontroverted.

Despite this undisputed evidence, the fact remains that on April 4, 2004, approximately 350 inmates at the Federal Transfer Center complained of diarrhea and stomach pain.  Given the large number of sick inmates and the fact that they became ill at approximately the same time, the court finds that plaintiff is entitled to an inference that some type of food poisoning caused plaintiff's injuries.  Accordingly, the court concludes that there is sufficient prima facie proof of the causation element of plaintiff's negligence claim.[4]

This conclusion, however, says nothing about any evidence or inference of sub-standard care, which is a different element of plaintiff's negligence claim.  Here, there is no evidence of any sub-standard food preparation at the Federal Transfer Center on the day in question, and the fact that food poisoning may be inferred does not necessarily suggest the further inference that it was the Federal Transfer Center's sub-standard food preparation techniques which caused it.  The food poisoning could just as easily have been caused by unhealthy food being supplied to the Federal Transfer Center kitchen, as by sub-standard food preparation at the Transfer Center.  Or, despite standard care being taken at the Transfer Center, there could have been an equipment malfunction, for example, with respect to refrigeration or cooking temperatures.  Moreover, the United States has made a detailed presentation of undisputed evidence supporting its position that the food preparation procedures used in the Federal Transfer Center were not sub-standard.

It should be noted at this point that Oklahoma law does not support the application of the doctrine of *res ipsa loquitur* to claims of negligent food poisoning.

---

[4]Safeway Stores arguably means that the fact that plaintiff fell ill, without more, is not sufficient circumstantial evidence to infer that food poisoning was the cause of plaintiff's injuries.  *See*, Safeway Stores, *supra* at 652 (no showing food was tainted or unwholesome "except by the circumstance that [plaintiff] fell ill.")  Nevertheless, on the facts in the instant case, the court gives the benefit of the doubt to plaintiff with respect to the causation element of negligence.

Tempting though it may be to assume that the FTC kitchen personnel must have been negligent, the present motion for summary judgment obligates plaintiff to produce *evidence* of that negligence – not for the purpose of persuading the court that he has a good case on the merits, but for the purpose of demonstrating to the court that he has evidence that might persuade a reasonable jury that he has a good case on the merits, which includes all essential elements of his common law negligence claim. This he has not done. The court finds and concludes that plaintiff has failed to proffer record evidence sufficient to support an inference that it was indeed the negligence of FTC that caused his illness. This absence of evidence is dispositive now, just as it would be on a Rule 50 motion at the conclusion of plaintiff's case at trial. To rule otherwise would be to indulge in the type of conjecture and speculation disallowed in Safeway Stores.

This conclusion is not only consistent with the standards of proof for a prima facie food poisoning negligence case in Oklahoma, it is also consistent with the federal standards for summary judgment. Here, in response to defendant's motion, which points to the absence of any factual support for the sub-standard care element of plaintiff's claim, there is no evidence of that element. *See*, 11 Moore's Federal Practice, § 56.03[5] at n.56. As stated in Celotex Corp. v. Catreet, 477 U.S. at 323, "[t]he moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *See also*, Anderson v. Liberty Lobby, 477 U.S. at 249-50 ("[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted," citations omitted ), and at 251-52 ("[i]n essence," the summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.").

## Conclusion

There are no genuine issues of material fact with respect to any substandard conduct on the defendant's part, which is a necessary element of plaintiff's negligence claim.  Accordingly, after careful consideration of the pleadings, the entire record, and the legal authorities, "Defendant's Motion for Summary Judgment" is **GRANTED**.

Dated this 11th day of October, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0463p019(pub).wpd